**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BARBARA KARANT, ) | |
| KARANT + ASSOCIATES, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No.: |
| ) | |
| MICKALENE THOMAS, ) | **JURY TRIAL DEMANDED** |
| MICKALENE THOMAS LLC, ) | |
| LÉVY GORVY DAYAN LLC, ) | |
| YANCEY RICHARDSON LLC, ) | |
| K R J S CORPORATION, d/b/a, KAVI GUPTA ) | |
| GALLERY, and GALERIE NATHALIE OBADIA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs Barbara Karant and Karant + Associates, Inc. ("Plaintiffs") bring this action against Defendants Mickalene Thomas, Mickalene Thomas LLC, Lévy Gorvy Dayan LLC, Yancey Richardson LLC, K R J S Corporation, d/b/a, Kavi Gupta Gallery, and Galerie Nathalie Obadia for copyright infringement. In support of the Complaint, Barbara Karant and Karant + Associates make the following allegations.

## INTRODUCTION

1. The Johnson Publishing Company (JPC) was home to *Ebony* and *Jet* magazines, and the company occupied its own building at 820 South Michigan from 1972 to 2012.

2. The JPC interiors reflected the vibrant, mid-century style of its magazines and that style remained virtually unchanged for the forty years in which the company occupied the building.

3. For three years, over the course of nearly 40 visits, Barbara Karant painstakingly photographed the interiors of the JPC building, and used her discerning eye to capture this aesthetic in a series of stunning shots. Karant's images from the JPC building are known as 820 Ebony/Jet.

4.      Mickalene Thomas has appropriated more than a dozen images from Karant's 820 Ebony/Jet collection, without attribution or permission. In installation after installation, and in collage after collage, Thomas has engaged in the wholesale copying of copyrighted works from a fellow artist.

## PARTIES

5.      Plaintiff Barbara Karant is well-known photographer of architectural spaces and interiors. Her photographs have been widely exhibited, and her imagery is represented in many private and permanent collections, including the Minneapolis Institute of Art, the Art Institute of Chicago, the Saint Louis Art Museum, the Stanford University Art Museum, the Sheldon Museum of Art, and the Chrysler Museum. Barbara Karant has a forthcoming book of photography that will feature images from the 820 Ebony/Jet project.

6.      Plaintiff Karant + Associates, Inc. is Barbara Karant's photography company and holds the copyright to the images at issue in this lawsuit.

7.      Defendant Mickalene Thomas is a visual artist who lives and works in Brooklyn, New York. She is not known as an architectural or interiors photographer.

8.      Defendant Mickalene Thomas LLC is Mickalene Thomas's studio entity. It is a New York limited liability company with its principal place of business in New York.

9.      Defendant Lévy Gorvy Dayan LLC is a commercial gallery representing artists worldwide. It is a New York limited liability company with one of its principal places of business in New York. Lévy Gorvy Dayan LLC includes Mickalene Thomas among its listed artists.

10.     Defendant Yancey Richardson LLC is a commercial gallery representing artists. It is a New York limited liability company with its principal place of business in New York. Yancey Richardson includes Mickalene Thomas among its listed artists.

11. Defendant K R J S Corporation, d/b/a, Kavi Gupta Gallery is a commercial gallery representing artists. It is an Illinois corporation with its principal place of business in Chicago, Illinois. Kavi Gupta Gallery includes Mickalene Thomas among its listed artists.

12. Defendant Galerie Nathalie Obadia is a commercial gallery representing artists. It is a French corporation (société à responsabilité limitée) with its principal place of business in Paris, France. Galerie Nathalie Obadia includes Mickalene Thomas among its listed artists.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a), because this action arises under the Copyright Act of 1976.

14. The copyrighted works at issue are registered with the U.S. Copyright Office.

15. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims at issue occurred in the Northern District of Illinois and because a substantial part of the intellectual property at issue is situated in the Northern District of Illinois.

## FACTUAL BACKGROUND

**Johnson Publishing Company Establishes Its Headquarters at 820 South Michigan Avenue**

16. In 1942, John H. Johnson founded the Johnson Publishing Company (JPC), which became the publisher of *Ebony* and *Jet* magazines, two early publications dedicated to the Black experience.

17. In 1972, JPC moved into its own headquarters at 820 South Michigan Avenue in Chicago, Illinois.

18. The building, like its tenant, was groundbreaking, representing the first major downtown-Chicago headquarters, which was built by an African American architect for an African American owned company.

19. The JPC corporate headquarters mirrored the company's ethos: elegant, innovative, and unapologetically modern.

20. The building's interiors were designed by Arthur Elrod and William Raiser, who were known for their exuberant, color-saturated modernism. They were masters of mid-century design, and their use of color was vibrant and sometimes almost psychedelic.

21. The JPC building's interiors radiated this aesthetic. The interiors boasted pink ostrich skin, metallic wallpaper, vivid carpeting, sculptural furniture, Hermès leather, and Chanel tweed upholstery.

22. These interiors remained virtually unchanged for forty years.

23. For forty years, the JPC building and its interiors stood as a tribute to Black enterprise, offering a specific, stylistic vocabulary that had survived the passage of time.

24. In 2010, JPC sold its corporate headquarters to Columbia College Chicago.

25. In 2012, JPC left its iconic building.

**Barbara Karant Photographs the JPC Interiors**

26. Karant had always been interested in JPC and its remarkable building.

27. Karant was an adjunct professor at Columbia College Chicago when the school purchased the building. In 2012, Karant received permission to photograph the space.

28. *For nearly three years,* from early 2013 to late 2015, Barbara Karant photographed the interiors of the JPC headquarters.

4

29. Karant would typically rely on assistants, but she chose to work alone for the JPC project.

30. For six to eight hours a day, over roughly 40 visits, Karant navigated 110,000 square feet of space to photograph the JPC building.

31. The conditions were not always ideal; the building was only minimally heated in winter and there was no air conditioning in the summer. But Karant was committed to her art.

32. Karant produced more than 250 images of the JPC headquarters. Karant refers to the collection of photographs from the JPC headquarters as "820 Ebony/Jet."

33. Karant's images from the JPC headquarters represent her artistic abilities and unique expression.

34. *Slate* and the *New York Times* each featured Karant's work on the JPC building, with the *New York Times* heralding how the images celebrated "the visual dynamism of early-1970s architectural and interior design."

**Karant Will Be Publishing a Book Featuring Her Photographs from the JPC Building**

35. Karant's work on the 820 Ebony/Jet project did not end in 2015.

36. Karant has continued to work on the photographs she produced from the JPC headquarters.

37. This work has culminated in a forthcoming book of her photographs, entitled *820 Ebony/Jet: the Johnson Publishing Company, an American Icon.*

38. Karant's book is slated to be published in September 2026 by MW Editions.

5

**Mickalene Thomas Copies Karant's Copyrighted Photographs**

39.     In August 2025, Barbara Karant found a collage by Mickalene Thomas that incorporated her copyrighted photographs from 820 Ebony/Jet. The copying was unauthorized and without attribution.

40.     After this discovery, Karant began looking for additional instances of copying by Thomas. To date, Karant has identified *numerous instances* in which Thomas has copied her photographs from the 820 Ebony/Jet project. Thomas's copying implicates more than a dozen unique photographs from the 820 Ebony/Jet collection.

41.     As an example, Karant photographed the Ebony Fashion Fair dressing room. Karant chose to photograph a reflective three-panel dressing mirror to amplify the wood-paneled furniture surfaces, the shimmering mottled gold wallpaper, and the faux-terrazzo flooring, all in a manner to highlight *Ebony*'s position in the realm of fashion and haute couture:



42.     Thomas has appropriated this picture and made it the literal centerpiece of her own work and installation with no permission or license to do so:

**Installation Images**      Press Highlights



Installation view of Mickalene Thomas: All About Love at The Broad, Los Angeles, May 25–September 29, 2024. Photo by Joshua White/JWPictures.com, courtesy of The Broad.

43.     This is not even the only appropriated image in the installation above.

44.     The vibrant, patterned shapes, the ceiling lights, and the patterned wallpaper (surrounding the painting in the top right corner) were all lifted from Karant's photographs of the JPC interiors (see below):

 

45.     Other installations by Thomas also feature multiple images that belong to Karant + Associates. The two installations below, one from the Hayward Gallery in London, and one from

the Lévy Gorvy Dayan gallery in London, each copy the same three-panel dressing mirror, the

patterned wallpaper, the ceiling lights, and the vibrant, patterned shapes that Karant photographed:



Installation view, *Mickalene Thomas: Beyond the Pleasure Principle,* Lévy Gorvy London 2021. Photo: Stephen White & Co



Installation view of Mickalene Thomas: All About Love. Photo: Mark Blower. Courtesy the
artist and the Hayward Gallery.

46. A third installation, at the Barnes Foundation in Philadelphia, also copied the same elements from Karant's 820 Ebony/Jet project.

47. The installation below is yet another example of infringement, and prominently features two additional, copyrighted photographs from 820 Ebony/Jet:

**<u>Thomas's Installation</u>**



Installation view, *Mickalene Thomas: Beyond the Pleasure Principle,* Lévy Gorvy London 2021. Photo: Stephen White & Co

**<u>Karant + Associates' Photographs</u>**

 

9

48. Images of the infringing installations are still available on the websites for the Lévy Gorvy Dayan gallery, The Broad Museum, and the Hayward Gallery.

49. The installation below also features copyrighted photographs from 820 Ebony/Jet collection. The patterned peacock wallpaper (in black and white) at the far right and the window abutting the geometric wallpaper are both images from the 820 Ebony/Jet project:

### **Thomas's Installation**



Installation view, *Mickalene Thomas: Beyond the Pleasure Principle*, Lévy Gorvy London 2021. Photo: Stephen White & Co

### **Karant + Associates' Photographs**

 

10

50. These are only illustrative examples of the infringement. Thomas has had many other installations that have copied images from the 820 Ebony/Jet collection.

51. Thomas's copying is not limited to her installations. Her collages have also infringed copyrighted images from 820 Ebony/Jet.

52. This copying has also been comprehensive, with Thomas's collages taking multiple photographs from the 820 Ebony/Jet collection without permission or attribution.

53. Here is one example:

<table>
<tr><td align="center"><b><u>Thomas's Collage</u></b></td><td align="center"><b><u>Karant + Associates' Photograph</u></b></td></tr>
<tr><td></td><td></td></tr>
</table>

54. Here is a second example:

**Thomas's Collage**



**Karant + Associates' Photograph**



**Karant + Associates' Photograph**



**Karant + Associates' Photograph**



12

55.     Here is a third example:

| **Karant + Associates' Photograph**<br>**(Rotated 90 degrees for comparison)** | **Thomas's Collage** |
|---|---|

 

56.     Thomas's collage in the third example is entitled "Nus Exotiques #10" and is from 2025.

57.     Once again, these examples are just that: illustrative examples. Plaintiffs are aware of additional collages by Mickalene Thomas that prominently feature copyrighted photographs from 820 Ebony/Jet.

58.     Thomas has even posed in front of her acts of infringement. In one Instagram post, Thomas acknowledged the inspiration of Andy Warhol, all while ignoring the works that she had directly lifted from Karant + Associates:



**Thomas's Work**  **Karant + Associates' Photograph**



59. Thomas has used Karant's photography to enhance her reputation and sell her work.

60. All of the images that Thomas has copied are from Karant's work photographing the JPC corporate headquarters at 820 South Michigan Avenue.

61. Thomas's copying of Karant's photography has damaged Karant's ability to sell her own photographs and is damaging the market for Karant's forthcoming book that is expressly dedicated to featuring her images from the 820 Ebony/Jet project. Thomas's copying will also impact Karant's ability to exhibit her work and even calls into question the proper attribution of the photographs.

**Karant + Associates, Inc. has Registered the Infringed Photographs**

62. On July 14, 2016, Karant received a Certificate of Registration from the U.S. Copyright Office for ten of the photographs she took of the JPC headquarters' interiors. *See* Exhibit A.

63. On November 26, 2025, and December 8, 2025, Karant received two additional Certificates of Registration from the U.S. Copyright Office for photographs she took of the JPC headquarters' interiors. *See* Exhibit B and Exhibit C.

64. The photographs listed in the registrations are the registrations for images copied by Mickalene Thomas.

**Mickalene Thomas Has Significant Connections to the Northern District of Illinois**

65. Thomas has exhibited her work in the Chicago area on multiple occasions.

66. Her major solo exhibitions include: *I was born to do great things* at the Kavi Gupta Gallery in Chicago (2014); *Girlfriends, Lovers, Still Lifes and Landscape* at the Rhona Hoffman Gallery in Chicago (2008); and *Something About You. . .* at the Rhona Hoffman Gallery in Chicago (2006).

67. Her group exhibitions include: *Woman With a Camera* at the Museum of Contemporary Art in Chicago (2017); *40 Years Part 2: Gender. Race. Identity* at the Rhona Hoffman Gallery in Chicago (2016); *Unsuspending Disbelief,* at the Reva and David Logan Center for the Arts at the University of Chicago (2016); *Black Is, Black Ain't,* at the Renaissance Society at the University of Chicago (2008); *Commemorating 30 Years 1976-2007* at the Rhona Hoffman Gallery in Chicago (2007); *It's About Memory* at the Rhona Hoffman Gallery in Chicago (2004).

68. More importantly, Mickalene Thomas has been represented by the Chicago-based Kavi Gupta Gallery since 2014.

## COUNT I: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §106, 501

### (Against Mickalene Thomas)

69. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 68 above.

70. Plaintiffs hold valid copyrights in the images comprising the 820 Ebony/Jet project.

71. Defendant Mickalene Thomas has copied original, constituent elements of the copyrighted photographs in her installations and collages.

72. This copying was done without authorization.

73. The copyright infringement by Mickalene Thomas was willful. As an accomplished and informed artist, Mickalene Thomas had knowledge that her conduct constituted infringement.

74. Mickalene Thomas's acts have damaged and are continuing to damage Plaintiffs.

75. Mickalene Thomas has unjustly profited from her acts of infringement and gained additional recognition from her acts of infringement.

## COUNT II: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §106, 501

### (Against Mickalene Thomas LLC)

76.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 75 above.

77.     Plaintiffs hold valid copyrights in the images comprising the 820 Ebony/Jet project.

78.     Defendant Mickalene Thomas LLC has copied original, constituent elements of the copyrighted photographs in its installations and collages.

79.     This copying was done without authorization.

80.     The copyright infringement by Mickalene Thomas LLC was willful. As the studio entity for Mickalene Thomas (an accomplished and informed artist), Mickalene Thomas LLC had knowledge that its conduct constituted infringement.

81.     Mickalene Thomas LLC's acts have damaged and are continuing to damage Plaintiffs.

82.     Mickalene Thomas LLC has unjustly profited from its acts of infringement.

## COUNT III: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §106, 501

### (Against Lévy Gorvy Dayan LLC)

83.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 82 above.

84.     Plaintiffs hold valid copyrights in the images comprising the 820 Ebony/Jet project.

85.     Without authorization, Defendant Lévy Gorvy Dayan LLC has infringed Plaintiffs' exclusive copyright rights by publicly displaying installations, and offering for sale, and/or selling collages that copy original, constituent elements of the copyrighted photographs.

17

86.     The three installations below are examples of the infringement:



Installation view, *Mickalene Thomas: Beyond the Pleasure Principle*, Lévy Gorvy London 2021. Photo: Stephen White & Co



Installation view, *Mickalene Thomas: Beyond the Pleasure Principle*, Lévy Gorvy London 2021. Photo: Stephen White & Co



Installation view, *Mickalene Thomas: Beyond the Pleasure Principle*, Lévy Gorvy London 2021. Photo: Stephen White & Co

87.     Lévy Gorvy Dayan had similarly infringing installations at its New York City gallery, when it hosted the same exhibition.

88.     The copyright infringement by Lévy Gorvy Dayan LLC was willful. As a prominent and sophisticated gallery, Defendant Lévy Gorvy Dayan LLC knew, or should have known, that its conduct constituted copyright infringement.

89.     Defendant Lévy Gorvy Dayan LLC acts have damaged and are continuing to damage Plaintiffs.

90.     Defendant Lévy Gorvy Dayan LLC has unjustly profited from its acts of infringement.

## COUNT IV: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §106, 501

### (Against Yancey Richardson LLC)

91.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 90 above.

92.     Plaintiffs hold valid copyrights in the images comprising the 820 Ebony/Jet project.

19

93. Without authorization, Defendant Yancey Richardson LLC has infringed Plaintiffs' exclusive copyright rights by publicly displaying installations, and offering for sale, and/or selling collages that copy original, constituent elements of the copyrighted photographs.

94. The collages below are displayed on the Yancey Richardson gallery website and are examples of the infringement:



Mickalene Thomas, *November 1981*, 2023. Rhinestones on dye sublimation prints, 72 5/8 x 58 1/2 x 1 3/4 inches.



Mickalene Thomas, *Back Cover 1981*, 2023. Rhinestones on dye sublimation prints, 68 3/8 x 49 1/2 x 1 3/4 inches.

95. The copyright infringement by Yancey Richardson was willful. As a prominent and sophisticated gallery, particularly one dedicated to representing "artists working in photography, film, and lens-based media," Defendant Yancey Richardson knew, or should have known, that its conduct constituted copyright infringement.

96. Defendant Yancey Richardson's acts have damaged and are continuing to damage Plaintiffs.

97. Defendant Yancey Richardson has unjustly profited from its acts of infringement.

20

## COUNT V: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §106, 501

### (Against K R J S Corporation)

98.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 97 above.

99.     Plaintiffs hold valid copyrights in the images comprising the 820 Ebony/Jet project.

100.     Without authorization, Defendant K R J S Corporation has infringed Plaintiffs' exclusive copyright rights by publicly displaying installations, and offering for sale, and/or selling collages that copy original, constituent elements of the copyrighted photographs.

101.     Each of the collages in the photograph below are displayed on the Kavi Gupta Gallery website and feature photographs by Barbara Karant.



Mickalene Thomas. Courtesy © Mickalene Thomas. Photo: Emil Horowitz, 2023.

102.     The copyright infringement by the Kavi Gupta Gallery was willful. As a prominent and sophisticated gallery, Defendant K R J S Corporation knew, or should have known, that its conduct constituted copyright infringement.

103.    K R J S Corporation's acts have damaged and are continuing to damage Plaintiffs.

104.    K R J S Corporation has unjustly profited from its acts of infringement.

## COUNT VI: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §106, 501

### (Against Galerie Nathalie Obadia)

105.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 104 above.

106.    Plaintiffs hold valid copyrights in the images comprising the 820 Ebony/Jet project.

107.    Without authorization, Defendant Galerie Nathalie Obadia has infringed Plaintiffs' exclusive copyright rights by publicly displaying installations, and offering for sale, and/or selling collages that copy original, constituent elements of the copyrighted photographs.

108.    The collages below are displayed on the Galerie Nathalie Obadia website and are examples of the infringement:

 

109. In another Instagram post, Thomas is again seen posing in front of her acts of infringement, with the note that her infringing pieces are being displayed at the Galerie Nathalie Obadia:



110. The copyright infringement by Galerie Nathalie Obadia was willful. As a prominent and sophisticated gallery, Defendant Galerie Nathalie Obadia knew, or should have known, that its conduct constituted copyright infringement.

111. Defendant Galerie Nathalie Obadia's acts have damaged and are continuing to damage Plaintiffs.

112. Defendant Galerie Nathalie Obadia has unjustly profited from its acts of infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Barbara Karant and Karant + Associates, Inc. respectfully requests that this Court:

1. find the Defendants have infringed Plaintiffs' copyrighted images;

2.        grant a permanent injunction prohibiting the Defendants from reproducing, copying, displaying, selling, or distributing any items featuring the Plaintiffs' copyrighted images;

3.        require the Defendants to provide the Plaintiffs with an accounting of all sales involving the use of Plaintiffs' copyrighted images;

4.        award Plaintiffs damages from the infringement, in the form of actual damages and/or statutory damages, under 17 U.S.C. §504;

5.        award Plaintiffs the full costs of this action, including reasonable attorney's fees under 17 U.S.C. §505; and

6.        award Plaintiffs such other relief as is just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury in this action.

Dated: May 26, 2026           Respectfully submitted,

/s/ *Charles N. Insler*
Charles N. Insler
HEPLERBROOM LLC
701 Market Street, Suite 1400
St. Louis, MO 63101
T: (314) 241-6160
F: (314) 241-6116
charles.insler@heplerbroom.com

*Counsel for Plaintiffs Barbara Karant and*
*Karant + Associates, Inc.*

24